**UNITED STATES v. CHICAGO, R. I. & P. RY. CO. et al.**

**No. 1014.**

District Court, W. D. Oklahoma.
Sept. 8, 1930.

Herbert K. Hyde, U. S. Atty., of Oklahoma City, Okl., for plaintiff.

Melton & Melton, of Chickasha, Okl., for Chickasha Milling Co.

W. R. Bleakmore, of Oklahoma City, Okl., for Chicago, R. I. & P. Ry. Co.

VAUGHT, District Judge.

This is an action instituted by the United States of America against the defendants, and the bill of complaint alleges that the railway company is a corporation organized and existing under the laws of Illinois, and carries on its business in part at Ft. Cobb, Okl., in the western district, and as a railroad company within the United States of America, owns and operates such railroad which forms a part of the line of its road over the northeast quarter of section 11, township 7 north, range 12 east, Indian meridian, and that the plaintiff now is and at all times herein mentioned was the owner of the northeast quarter of section 11, township 7 north, range 12 west, Indian meridian, held in trust under and by virtue of a treaty with the Caddo Tribe of Indians in Oklahoma and acts of Congress, for the sole use and benefit of the heirs of Jennie Arnold, deceased, Caddo allottee No. 87, a member of the Caddo Tribe of Indians, of and for whom J. A. Buntin is a duly qualified and acting superintendent and agent of the United States. That the bill of complaint is brought to restrain said defendants, their agents, servants, employees, and all other persons, whose names are unknown to the plaintiff, working under and for said defendants, from further interfering with the leasing and managing of Indian lands that are held in trust by the United States of America, and that the said defendants are trespassing upon said lands above mentioned, and are interfering with the United States of America, the plaintiff herein, in leasing, managing, and holding said lands in trust.

The prayer of the bill is for a permanent injunction against the defendants, and all persons associated with them in all respects, as above specified, and for general relief.

The joint answer of the defendants admits the corporate character of said defendants, that the defendant railway company operates its line of railroad over its right of way through said above-described lands in accordance with and by virtue of a grant issued to said railway company under an act of Congress, approved February 27, 1893 (27 Statutes at Large, page 492) entitled "An act to grant to the Chicago, Rock Island and Pacific Railway Company a right of way through the Indian Territory, and for other purposes," and an act of Congress, approved March 17, 1898 (30 Stat. L. p. 327), entitled "An Act To extend the time for the construction of the railway of the Chicago,

Rock Island and Pacific Railway Company through the Indian Territory."

The said railway company and the defendant Chickasha Milling Company admit that the railway company has leased to the milling company for use and occupancy certain portions of said right of way and station grounds at Ft. Cobb, Okl., and that it is acting within its rights, and asks the dismissal of the bill.

An agreed statement of facts has been submitted in which the railway company, consistent with its answer, attaches a copy of the contract entered into between the railway company and the milling company, which contract provides for the leasing of a certain portion of the right of way to the said milling company for a nominal rental.

Section 2 of the act above referred to provides as follows: "That a right of way of one hundred feet in width through said Indian Territory is hereby granted to the Chicago, Rock Island and Pacific Railway Company, and a strip of land two hundred feet in width, with a length of three thousand feet, in addition to the right of way, is granted for such stations as may be established, but such grant shall be allowed but once for every ten miles of the road, no portion of which shall be sold or leased by the company, with the right to use such additional grounds where there are heavy cuts or fills as may be necessary, not exceeding one hundred feet in width on each side of said right of way, for the construction and maintenance of the roadbed, or as much thereof as may be included in said cut or fill: Provided, That no part of the lands herein granted shall be used except in such manner and for such purposes only as shall be necessary for the construction and convenient operation of said railroad, telegraph, and telephone line, and when any portion thereof shall cease to be used such portion shall revert to the nation or tribe of Indians from which the same shall have been taken."

It is admitted in the agreed statement of facts that the northeast quarter of section 11, township 7 north, range 12 west of the Indian meridian, was allotted to one Jenny Arnold, an Indian, residing in the Wichita Reservation, and that on the 31st day of December, 1901, a trust patent embracing said quarter section of land was issued, by the terms of which it was declared that the United States would hold the land thus allotted for a period of 25 years in trust for the sole use and benefit of the said Jenny Arnold, or, in case of her demise, for the sole use of her heirs according to the laws of the state or territory where said land is located, and thereafter said trust period was extended and is now in force, and that the said land in controversy, that is, the station grounds and right of way of the railway company at Ft. Cobb, are embraced within said quarter section.

The court finds that whatever rights the railway company has in said station grounds are limited by section 2 above set out, and that section 2 expressly provides: "No portion of which shall be sold or leased by the company."

Reference is made in the pleadings to 30th Statutes at Large, page 327, entitled "An Act To extend the time for the construction of the railway of the Chicago, Rock Island and Pacific Railway Company through the Indian Territory."

The court is of the opinion that this statute does not modify the original statute (27 Statutes, page 492) of the Act of February 27, 1893, except to extend the time in which to construct said railway line, and does not modify or limit the grant in anywise except by such extension of time.

The court is of the opinion that the Chickasha Milling Company is a business institution, and that it is not a common carrier; that it is not entitled to the rights of eminent domain, and that it is in the same position as any other business institution doing business with the railway company, and that, if the railway company leased any portion of said right of way to the milling company, it exceeded its rights as set out in section 2 above, and that the milling company would have no right under the lease contract with the railway company to carry on a private business on said right of way, and the court is further of the opinion that the plaintiff is entitled to an injunction against said railway company enjoining it from leasing said premises, and is also entitled to an injunction against the defendant milling company from operating its business in any manner upon said right of way. However, the court recognizes the fact that this is a technical question, and it is the order of the court that no injunction issue for a period of ninety days, and that if within such time the defendants, with the consent of the proper representatives of the United States of America, can secure the approval of said lease referred to in the pleadings, upon such terms as are satisfactory to the government

or to the superintendent and agent of the Caddo Tribe of Indians, that then this action may be dismissed; otherwise an injunction will issue. The costs are assessed against the defendants jointly.